THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE SEIU LOCAL 1 & PARTICIPATING EMPLOYERS HEALTH TRUST, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED NETWORK BUREAU SECURITY SERVICES, INC., <br><br> Defendant. | Case No. _____ |

## C O M P L A I N T

NOW COME Plaintiffs, TRUSTEES OF THE SEIU LOCAL 1 & PARTICIPATING EMPLOYERS HEALTH TRUST, by and through their undersigned attorneys, and complain of Defendant, UNITED NETWORK BUREAU SECURITY SERVICES, INC., an Illinois Corporation, as follows:

1. This action is brought under the provisions of Sections 502(g)(2), 502(a)(3), and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(g)(2), 1132(a)(3), and 1145 to collect delinquent contributions and related sums Defendant is obliged to contribute to Plaintiffs pursuant to applicable collective bargaining agreements and plan documents.

### JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper under federal question jurisdiction, as provided for in 28 U.S.C. § 1331, which states, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

3. Jurisdiction in this Court is also based upon Sections 502(e)(1) and 502(e)(2) of

ERISA, 29 U.S.C. §§ 1132(e)(1) and 1132(e)(2), which state in relevant part:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

4. This Court also has jurisdiction pursuant to Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, as this is an action for a violation of a collective bargaining agreement between an employer and a labor organization.

5. Venue is proper in this District because Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), allows a suit to "be brought in the district where the plan is administered," and the Funds are maintained and administered at their offices at 200 East Randolph Street, Suite 1500, Chicago, IL 60601, which is located in the Northern District of Illinois.

## PARTIES

6. Plaintiffs, TRUSTEES OF THE SEIU LOCAL 1 & PARTICIPATING EMPLOYERS HEALTH TRUST (the "Health Fund" or "the Fund"), are Trustees of a multiemployer employee benefit plan, as defined under Section 3(3) of ERISA, 29 U.S.C § 1002(3).

7. The Plaintiffs-Trustees are fiduciaries of the Funds within the meaning of 29 U.S.C. § 1132(e)(1).

8. The Health Fund is a Taft-Hartley Fund, which is administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA, and other applicable federal laws.

9. The Fund's offices are located at 200 East Randolph Street, Suite 1500, Chicago, IL 60601, and the Fund is administered in the Northern District of Illinois.

10. The Fund receives contributions from numerous employers, including Defendant, pursuant to collective bargaining agreements ("CBAs") heretofore entered into between the Service Employees International Union, Local 1 (the "Union") and those employers. The Fund is maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA and other applicable federal laws, and the provisions of certain Restated Agreements and Declarations of Trust ("Trust Agreements").

11. As provided in the Trust Agreements, the Trustees of the Fund and their designees are required to receive, hold, and manage all monies required to be contributed to the Fund in accordance with the provisions of the then-applicable CBAs for the uses and purposes set forth in the Trust Agreements.

12. Defendant is a corporation incorporated in the State of Illinois that, as of the date of the filing of this Complaint, is not in good standing.

13. Defendant maintains its principal place of business at 900 Jorie Blvd, Suite 80, Oak Brook, IL 60523.

14. Defendant's Registered Agent is Robert Gripp, 5336 Woodland, Western Springs, IL 60558.

15. Defendant is an employer engaged in an industry affecting commerce and has conducted business within the State of Illinois during the relevant period.

16. Defendant employs or has employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the relevant CBAs, and the Trust Agreements incorporated therein, by the terms of which Defendant was required to contribute to the Fund.

## FACTS COMMON TO ALL COUNTS

17. The Trust Agreements and the CBAs obligate Defendant to submit its books and records to the Fund on demand for an audit to determine benefit contribution compliance.

18. Following the findings of an audit for the audit period of January 1, 2022 through December 31, 2024, showing the existence of unpaid contributions, Defendant failed to submit required payments thereon to the Fund pursuant to the terms of the CBAs, Trust Agreements, and the Fund's collections policy, all in violation of its contractual obligations and its obligations under applicable federal statutes.

19. Defendant formally announced the cease of its operations effective December 1, 2025.

20. The Trust Agreements and the CBAs obligate Defendant to submit its books and records to the Fund on demand for an exit audit to determine benefit contribution compliance upon the cease of its operations.

21. The Funds have requested, through their auditor, that Defendant submit its payroll records for an exit audit for the payroll period of January 1, 2025 through November 30, 2025.

22. Defendant has failed to cooperate with this audit request, which Defendant is required to comply with under the terms of the CBAs and Trust Agreements.

23. Defendant has failed to pay certain required contributions believed to be owed for the work months of June – November of 2025.

24. A review of Defendant's account with the Fund also shows a balance due related to past due late payments and underpayments of historical contributions owed.

25. Defendant's failure to cooperate with the exit audit request, and its failures to pay, are violations of the CBAs and the Trust Agreements. The Funds, therefore, seek enforcement of

these provisions pursuant to Sections 502(g)(2), (a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2), (a)(3), and 1145.

## COUNT I – DELINQUENT CONTRIBUTIONS UNDER ERISA

26. Plaintiffs incorporate and reallege all previous paragraphs as if fully stated herein.

27. Section 515 of ERISA requires an employer to make contributions to a multiemployer plan pursuant to the terms of the plan or under the terms of a collectively bargained agreement. 29 U.S.C. § 1145.

28. Section 502(a)(3) of ERISA provides that a fiduciary may enforce the provisions of ERISA and the terms of a plan through a civil action. 29 U.S.C. § 1132(a)(3).

29. Section 502(g)(2) of ERISA provides that a fiduciary bringing suit to recover delinquent contributions under Section 515 shall recover the unpaid contributions as well as interest thereupon, liquidated damages, attorney's fees and costs, and other appropriate legal and equitable relief. 29 U.S.C. § 1132(g)(2).

30. Defendant employs or has employed persons represented for collective bargaining purposes by one or more Locals, and Defendant agreed to be bound by the CBAs and Trust Agreements referred to herein, by the terms of which Defendant was required to contribute to the Fund.

31. Defendant has repeatedly failed to submit accurate contribution reports and the required payments thereon to the Fund as required by the CBAs and the Trust Agreements by which Defendant was bound, all in violation of its contractual obligations and its obligations under applicable federal law.

32. Defendant is currently delinquent to the Funds in the total amount of TWO HUNDRED TWENTY-THREE THOUSAND SEVEN HUNDRED SIXTY-NINE AND 13/100

DOLLARS ($223,769.13), for delinquent contributions, individual back-billing, and interest and liquidated damages as follows:

    a. For unpaid contributions totaling THIRTY-THREE THOUSAND SEVEN HUNDRED FORTY-TWO AND 40/100 DOLLARS ($33,742.40), for unpaid contributions for the work months of June through November of 2025, and associated interest and liquidated damages, which continue to accrue, as well as past due balances on account.

    b. For unpaid contributions totaling ONE HUNDRED NINETY THOUSAND TWENTY-SIX AND 73/100 DOLLARS ($190,026.73), for the balance due from audit findings for the audit period of January 1, 2022 through December 31, 2024, including audit fees, and interest and liquidated damages, as provided for in the Collective Bargaining Agreements and Trust Agreements, which continue to accrue.

33. As a result of the above-described omissions and breaches of agreement by Defendant, the Fund may be required (a) to deny the employee beneficiaries for whom contributions have not been made the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide to employees of Defendant the benefits provided under the benefit plans, notwithstanding Defendant's failure to make the required contributions thereto, thereby reducing the corpus of such Fund and endangering the rights of the employee beneficiaries on whose behalf contributions are being made, all to their substantial and irreparable injury.

34. The Fund, on its behalf, and on behalf of all employees for whose benefit the Fund was established, have requested that Defendant perform its obligations, but Defendant has refused

and failed to perform as herein alleged.

35. The Fund is without an adequate remedy at law and will suffer immediate, continuing, and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of its obligations required under the CBAs and the Trust Agreements and is restrained from continuing to refuse to perform as required.

36. Defendant's failure to submit reports and pay contributions and associated liquidated damages and interest owed is a violation of the CBAs and the Trust Agreements. The Fund, therefore, seeks enforcement of these provisions pursuant to Sections 502(g)(2), 502(a)(3), and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2), 1132(a)(3), and 1145, and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185(a).

**WHEREFORE**, the Plaintiffs pray:

(a) That judgment be entered in favor of Plaintiffs and against Defendant in the amount of TWO HUNDRED TWENTY-THREE THOUSAND SEVEN HUNDRED SIXTY-NINE AND 13/100 DOLLARS ($223,769.13), and such additional monies that accrue during the pendency of this lawsuit.

(b) That Plaintiffs be awarded their costs, including reasonable attorneys' fees incurred in the prosecution of this action as provided in the Collective Bargaining Agreements and Trust Agreements and under the applicable provisions of ERISA, as amended;

(c) That interest and/or liquidated damages continue to be assessed against Defendant as provided in the Collective Bargaining Agreements, the Trust Agreements, and the applicable provisions of ERISA, as amended;

(d) and

(e) For such other and further relief as the Court may determine just and proper.

## COUNT II – FAILURE TO COMPLY WITH EXIT AUDIT

37. Plaintiffs reallege and incorporate paragraphs 1-36 as though fully set forth herein.

38. The Fund, through its auditors, have requested that Defendant submit its payroll records for an exit audit for the payroll period of January 1, 2025 through November 30, 2025.

39. Defendant has failed to cooperate with this exit audit request, which Defendant is required to comply with under the terms of the CBAs and Trust Agreements.

40. Defendant's failure to cooperate with the exit audit request is a violation of the CBAs and the Trust Agreements. The Funds, therefore, seek enforcement of these provisions pursuant to Sections 502(g)(2), (a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2), (a)(3), and 1145.

41. As a result of the above-described failure to comply with its obligations by Defendant, the Fund us unable to determine with specificity whether Defendant has complied with its contribution obligations for the period of January 1, 2025 through November 30, 2025.

42. As a result of the above-described omissions and breaches of agreement by Defendant, the Fund may be required (a) to deny the employee beneficiaries for whom contributions have not been made the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide to employees of Defendant the benefits provided under the benefit plans, notwithstanding Defendant's failure to make the required contributions thereto, thereby reducing the corpus of such Fund and endangering the rights of the employee beneficiaries on whose behalf contributions are being made, all to their substantial and irreparable injury.

43. The Fund, on its behalf, and on behalf of all employees for whose benefit the Fund

was established, have requested that Defendant perform its obligations, but Defendant has refused and failed to perform as herein alleged.

44. The Fund is without an adequate remedy at law and will suffer immediate, continuing, and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of its obligations required under the CBAs and the Trust Agreements and is restrained from continuing to refuse to perform as required.

45. Defendant's failure to cooperate with the exit audit request is a violation of the CBAs and the Trust Agreements. The Fund, therefore, seeks enforcement of these provisions pursuant to Sections 502(g)(2), 502(a)(3), and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2), 1132(a)(3), and 1145.

**WHEREFORE**, the Plaintiffs pray:

(a) That judgment be entered in favor of the Fund and against Defendant and Defendant be ordered to comply with the exit audit;

(b) That Defendant be ordered to pay to the Fund any amounts found due and owing by such audit;

(c) That the Fund be awarded its costs, including reasonable attorney's fees incurred in the prosecution of this action as provided in the CBAs and Trust Agreements and under the applicable provisions of ERISA, as amended, including costs incurred in securing payment of any amounts found due and owing by the audit;

(d) That interest and/or liquidated damages be assessed against Defendant as provided in the CBA and the applicable provisions of ERISA, as amended, on any deficiency revealed by the exit audit; and

(e) For such other and further relief as the Court may determine just and proper.

Respectfully submitted,

                                         By: */s/Naomi Frisch*
                                               One of Plaintiffs' Attorneys

Naomi Frisch
IL ARDC#: 6328429
Je Hong Park
IL ARDC#: 6353556
Asher, Gittler & D'Alba, Ltd.
200 West Jackson Boulevard, Suite 720
Chicago, Illinois 60606
Phone: (312) 263-1500
naomi@ulaw.com
jp@ulaw.com

Dated: January 27, 2026